## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

AMIE CHAPEL MISSIONARY
BAPTIST CHURCH,

      Plaintiff,

v.                                                    Case No: 8:22-cv-478-CEH-AAS

FIRST NATIONAL INSURANCE
COMPANY OF AMERICA,

      Defendant.

_____

## <u>ORDER</u>

This matter comes before the Court on the Motion For Remand (Doc. 17) of Plaintiff Amie Chapel Missionary Baptist Church ("Amie Chapel"), which Defendant First National Insurance Company of America ("First National") opposes (Doc. 20). First National removed this matter from state court, alleging that removal is proper under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. Amie Chapel moves to remand the matter, arguing that Defendant has not established the amount in controversy. Having reviewed the parties' submissions and being fully advised in the premises, the Court will deny the Motion to remand because First National has proven by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal.

## I.      BACKGROUND

Amie Chapel initiated this action in the Circuit Court for the Tenth Judicial Circuit in and for Polk County, Florida (Doc. 1 at 1). Amie Chapel alleges that First National breached its contract by failing to pay for property damage caused by Hurricane Irma. Amie Chapel explained in the state court complaint that it was seeking damages greater than the statutory threshold of $30,000. *Id.* at 9. The parties then began engaging in discovery. In its verified answers to First National's interrogatories, Amie Chapel stated: "Plaintiffs are seeking $76,864.55 to make repairs caused by the loss. For further details regarding the loss… please refer to [repair estimate.]" *Id.* at 23. Amie Chapel also provided a repair estimate that it had received from a third party. *Id.*

Within 30 days of receiving this response, First National removed the action to federal court. *Id.* at 2-3. In its Notice of Removal, First National asserted that Amie Chapel's verified answer to the interrogatory established that the amount in controversy exceeded $75,000. *Id.* at 5. Because the parties were also completely diverse, First National asserted that the Court had subject-matter jurisdiction under 28 U.S.C. § 1332. *Id.* at 4.

Amie Chapel now moves to remand this action to state court for lack of subject-matter jurisdiction, arguing that First National has failed to establish the minimum amount in controversy (Doc. 17).

## II.    LEGAL STANDARD

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which the action pends, as long as the district court has jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Removal statutes are construed narrowly against removal. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).   "The burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999).

Courts measure the amount in controversy at the time of removal. *Pretka v. Kolter City Plaza II*, 608 F.3d 744, 751 (11th Cir. 2010). When a plaintiff's state-court complaint offers an unspecified demand for damages, a removing defendant must prove, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional requirement. *Roe v. Michelin N. Am., Inc.* 613 F.3d 1058, 1061 (11th Cir. 2010).

## III.    DISCUSSION

In its Motion For Remand, Amie Chapel argues that removal is improper because First National has failed to establish an amount in controversy of at least $75,000 (Doc. 17).  First, Amie Chapel asserts that a defendant is limited to the four corners of the complaint when alleging an amount in controversy. *Id.* at 4.  Because

the state court complaint alleged only damages "in excess of $30,000," First National has not met its burden of proof. *Id.* at 2. Should the Court consider the repair estimate, however, First National has not met its burden of establishing that this amount corresponds with what Amie Chapel is actually seeking to recover. *Id.* Further, the amount Amie Chapel will recover will be reduced significantly by a five percent deductible, thereby falling well below the threshold for diversity jurisdiction. *Id.* at 2-3. Amie Chapel also requests the award of attorneys' fees incurred as a result of the removal, pursuant to 28 U.S.C. § 1447(c). *Id.* at 4. Amie Chapel does not dispute that the parties are diverse. *Id.*

First National responds that it is not limited to the four corners of the complaint in establishing the amount in controversy, because Amie Chapel did not plead any specific damages in its state court complaint (Doc. 12 at 2-3). A verified answer to an interrogatory citing a repair estimate is a permissible source of information to meet its burden of proof. *Id.* at 3-5. The verified answer to the interrogatory unambiguously and reliably states that "Plaintiffs are seeking $76,864.55 to make repairs caused by the loss," and Amie Chapel has not offered any evidence that this sworn statement was incorrect. *Id.* at 4-7. First National next asserts that the existence of a deductible does not defeat the Court's jurisdiction for two reasons. First, subject-matter jurisdiction is established at the time of the removal, and is not destroyed by a future reduction. *Id.* at 7. Moreover, the deductible only applies to covered losses, but First National has determined the property damage at issue is not a covered loss. *Id.* at 8-10.

4

As a threshold matter, First National correctly notes that Amie Chapel's Motion to Remand fails to comply with the Middle District of Florida's Local Rule 3.01(g). *Id.* at 11 n.11.  Local Rule 3.01(g) requires a moving party to confer, or attempt to confer, with their adversary in good faith before filing any motion, and to certify that they have done so. Local Rule 3.01(g) (M.D. Fla., 2021).  A party's failure to comply with this rule is a basis to deny the motion without prejudice. *See, e.g.*, *Shallenburg v. PNC Bank, N.A.*, No. 8:16-cv-810-T-33JSS, 2016 WL 8999084 (M.D. Fla. 2016) (Covington, J.).  Despite this omission, the Court will review the merits of the motion. However, the parties are reminded of the need to comply with this and all provisions of the Local Rules.  Future motions that do not comply with the rules will be subject to denial.

Turning to the merits, Amie Chapel first asserts that a defendant may not look beyond the four corners of the state court complaint in order to establish the amount in controversy (Doc. 17 at 4).  On the contrary, however, in a removal case in which the complaint does not specify an amount of damages, the defendant is permitted to provide extrinsic evidence to meet its burden of proof as to the amount in controversy. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754, 756 (11th Cir. 2010).  The court may consider various documents, such as "facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Id.* at 754.  A plaintiff's verified answers to the defendant's interrogatories have been found to satisfy the defendant's burden of proof.

*See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 n.62 (11th Cir. 2007); *Stern v. First Liberty Ins. Corp.*, 424 F.Supp.3d 1264, 1272 (S.D. Fla. 2020); *Guerrero v. Suntrust Bank*, No. 5:19-cv-341-PGB-PRL, 2019 WL 11803282, *2 (M.D. Fla. 2019); *Lawrence v. Home Depot, U.S.A., Inc.*, No. 3:11-cv-724-TJC-MCR, 2011 WL 6155793, *2 (M.D. Fla. 2011).

Here, Amie Chapel's state court complaint did not allege a specific amount of damages. Rather, it alleged damages "greater than" the statutory jurisdictional minimum of $30,000 (Doc. 1 at 9). *See, e.g.*, *Walsh v. Target Corporation*, No. 6:20-cv-1185-RBD-EJK, 2020 WL 5634125 at *2 (M.D. Fla. 2020) (plaintiff's allegation that her total damages exceeded $30,000 was not a specific amount for removal purposes). First National was therefore permitted to provide extrinsic evidence in order to meet its burden of proof for removal. First National provided Amie Chapel's verified answer to an interrogatory, which cited to a repair estimate (Doc. 1 at 23). As in *Guerrero*, 2019 WL 11803282, and *Lawrence*, 2011 WL 6155793, First National has provided permissible evidence to establish the amount in controversy.

Next, the evidence First National presented in its Notice of Removal adequately established an amount in controversy greater than $75,000. Amie Chapel's description that First National only "presumed" that the repair estimate corresponded with the amount of damages Amie Chapel sought (Doc. 17 at 2) is contradicted by the evidence. Amie Chapel provided the following verified answer to an interrogatory: "Plaintiffs *are seeking* $76,864.55 to make repairs caused by the loss. For further details regarding the loss… please refer to [repair estimate.]" (Doc. 1 at 23) (emphasis added). The

Court agrees with First National that this verified statement provides sufficient evidence of the amount in controversy.

Nor is this Court's subject-matter jurisdiction destroyed by the existence of a deductible in the policy at issue. The Court's jurisdiction is evaluated based on the circumstances at the time of removal. *See Pretka*, 608 F.3d at 751 (citing *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 946 (11th Circ. 2000) for its holding that "a court may consider evidence submitted after the removal petition is filed, "but only to establish the facts present at the time of the removal"). Moreover, the pertinent jurisdictional question "is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Pretka*, 608 F.3d at 751 (emphasis in original). For this reason, courts determining whether they have subject-matter jurisdiction have declined to speculate about possible reductions to a plaintiff's award that may occur in the future. *See Dickerson v. Barancik*, No. 8:18-cv-895-CEH-JSS, 2018 WL 1117692 at *3-4 (M.D. Fla. 2018) (Honeywell, J.) (denying motion to remand based on amount in controversy where plaintiff argued a post-judgment "set-off" or collateral source payment would reduce the amount that was outstanding at the time of removal); *Stramiello v. Petsmart, Inc.*, No. 8:10-cv-659-VMC-TGW, 2010 WL 2136550, at *4 (M.D. Fla. 2010) (Covington, J.) (same); *cf. Antonello v. Wal-Mart Stores East, LP*, No. 8:21-cv-2194-VMC-TGW, 2021 WL 5320403 at *3 (M.D. Fla. 2021) (Covington, J.) (finding amount in controversy insufficient where the amount plaintiff sought had already been reduced by a collateral source payment by the time of removal).

Even if the amount Amie Chapel ultimately receives from First National, if successful, is reduced by a deductible, this reduction is irrelevant to the question of whether the amount in controversy was satisfied at the time of removal. *See Pretka*, 608 F.3d at 751; *Dickerson*, 2018 WL 1117692 at *3-4. The amount that Amie Chapel is seeking has not yet been offset by a collateral source payment or the application of a deductible. Rather, Amie Chapel has informed First National that it is seeking the cost of repairing the property damage it sustained, which is $76,864.55. First National has therefore proven by a preponderance of the evidence that the amount in controversy exceeds $75,000.[1] The Court will deny Amie Chapel's Motion to Remand.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Remand (Doc. 17) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on June 22, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Because the Court finds that a future reduction by a deductible does not impact its subject-matter jurisdiction, it need not address Defendant's arguments regarding the policy coverage dispute (Doc. 20 at 8-10). Nor will the Court address Plaintiff's request for attorneys' fees incurred because of the removal in light of its conclusion that removal was proper (Doc. 17 at 4).